**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4422

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN WILLIAM WARGO, a/k/a 1DeathEater, a/k/a Stephen Calaway,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00076-MR-WCM-1)

Submitted:  March 11, 2025                                        Decided:  March 13, 2025

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Stephen William Wargo pled guilty to crossing state lines with intent to engage in a sexual act with a person under 12 years old, in violation of 18 U.S.C. § 2241(c).  The district court sentenced Wargo to 30 years' imprisonment—the statutory minimum sentence—to be followed by a life term of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Although advised of his right to do so, Wargo has not filed a supplemental pro se brief.  The Government has declined to file a response brief.

Because Wargo did not move in the district court to withdraw his guilty plea, we review the validity of his plea for plain error.  *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).  Our review of the plea colloquy confirms that the magistrate judge fully complied with Fed. R. Crim. P. 11 and the district court properly determined that Wargo's plea was knowing, voluntary, and supported by a sufficient factual basis.  Discerning no plain error, we conclude that Wargo's guilty plea is valid.

We review a defendant's sentence for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see id.* at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.  If a sentence is free of "significant procedural error," then we review it for substantive

2

reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* We conclude that Wargo's sentence is both procedurally and substantively reasonable.

To the extent that Wargo questions the performance of his trial counsel, claims of ineffective assistance of counsel are not cognizable on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because it does not conclusively appear on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal. Rather, Wargo may, if he chooses, pursue the claim in a 28 U.S.C. § 2255 motion. *See United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment.

This court requires that counsel inform Wargo, in writing, of the right to petition the Supreme Court of the United States for further review. If Wargo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wargo. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*